McWilliams v. Anderson.

---

ANNA MCWILLIAMS ET AL., APPELLANTS, v. LEWIS ANDERSON ET AL., APPELLEES.

FILED FEBRUARY 15, 1919. No. 20315.

1. **Deeds: CANCELATION: EVIDENCE.** Plaintiffs sue to cancel, on the ground of fraud and undue influence, a deed executed by their father conveying a farm to defendants. The evidence has been examined and found insufficient to support the allegations of the petition.

2. **Costs: BRIEFS.** When a party fails to conform to rule 12 (94 Neb. XI) in the preparation of his brief, the court may on its own motion refuse to allow a fee to be taxed for the brief, or so much thereof as fails to conform to the rule.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Berge & McCarty,* for appellants.

*George A. Adams* and *J. J. Ledwith, contra.*

MORRISSEY, C. J.

This is a suit in equity wherein plaintiffs pray that a contract made by their father, now deceased, with defendants, for the sale of an 80-acre farm, and a deed thereafter executed in fulfilment of the contract, and a note and mortgage executed by defendants as a part of the purchase price, be canceled and set aside, and the title to the real estate quieted in the heirs of Andres L. Anderson, deceased. Plaintiffs and defendant Johanna Anderson are the daughters and only heirs at law of Andres L. Anderson. There was judgment for defendants. The appeal presents only a question of fact.

In 1905 Andres L. Anderson, then 75 years of age, executed a written contract, whereby he agreed to convey to his son-in-law, defendant Lewis Anderson, the family homestead of 80 acres for $3,600. There was then a mortgage on the farm for $1,000. By the terms of the contract defendants assumed this mortgage and agreed to execute a second mortgage for $2,600 as the remainder of the purchase price. The contract was not signed by the wife of Andres L. Anderson. Subsequent to the execution of the contract the parties were advised that, because of the homestead character of the land and the failure of the wife to join in its execution, the contract was void. The contract reserved to the owner and his wife the right to occupy the house and about one-fourth of the land during the lifetime of either. Andres L. Anderson continued to occupy the premises until 1907, when, under an arrangement between him and the son-in-law, there was a small house erected within a few feet of the son-in-law's house, and the old gentleman and his wife, who

was then 84 years of age, removed thereto and defendants have since used the entire 80 acres. In 1910 the deed, now sought to be canceled, was executed by the old people in fulfilment of the contract theretofore made, and defendants executed and delivered to Andres L. Anderson a note in the sum of $2,600, secured by mortgage on the real estate conveyed by the deed. In 1911 Andres L. Anderson executed a will bequeathing the major portion of his property to defendant Johanna Anderson. This will has been denied probate. It is not involved in this suit, and appears to have been brought in only for the purpose of showing the general dealings between the parties. An earlier will is mentioned, but we do not find it in the record, and it is not involved. Andres L. Anderson and his wife both died in January, 1913.

It is claimed that the price fixed in the contract is less than the value of the property. The price fixed was $3,600 while plaintiffs assumed in their hypothetical question that the true value was $4,500. This is a difference of only $900, and we may assume the plaintiffs made claim for as great a value as their evidence would warrant. A banker who took the acknowledgment to the deed in 1907 was examined at great length on the question of values. He had followed the banking business in that vicinity for many years, had bought and sold farms, and showed a familiarity with farm values. He placed the value of the land in 1905 at not to exceed $40 an acre. The land appears to have advanced somewhat between 1905 and 1907 when the deed was executed, but, after making allowance for such advance as had taken place, the consideration paid appears fair and reasonable.

There is an effort made to show that the old gentleman was incompetent because of his lack of business training and his advanced age, and that the son-in-law had taken undue advantage in procuring the deed. Andres L. Anderson was a native of Norway. He

came to this country after reaching the age of 50. In Norway he was a common laborer. In this country he never engaged in any business other than the operation of this farm, which he inherited from his father subject to an obligation to pay $1,350 to his sisters. This was paid in part from the money represented by the $1,000 mortgage which the son-in-law finally assumed. He does not appear to have had much business experience. Nevertheless he maintained himself and wife at their advanced ages without adding to the incumbrance, and this, too, at a time when farmers were much less prosperous than they are to-day. He appears to have been a man of some education. He was secretary of his church, and the record of the church, which is in evidence, shows him to have been a high-class penman. The translation of one of his letters, written shortly before his death, shows good scholarship. It is conclusively shown that defendants were kind and considerate of the wants of their parents. Our attention has been called to no instance where the old gentleman betrayed weakened mentality, except, of course, plaintiff's complaint of his dealings with defendants.

The banker heretofore mentioned, who drew the deed, testified that he had known Mr. Anderson for many years; that Anderson had done some business at his bank, and he had seen him from time to time; that, while witness was unable to speak the Norwegian language and Andres L. Anderson was unable to speak English, except to use a few words in disconnected sentences, nevertheless witness was able to understand Anderson when he tried to transact business in English; that it was from Andres L. Anderson that witness got the data from which to draw the papers; that Anderson appeared to fully understand the nature of the business he was doing; that, subsequent to the execution of the deed, Anderson had called at the bank a few times, transacted business there, and witness regarded him as fully able to transact the business.

When we consider the lack of any direct proof of the. allegations contained in the petition, we are constrained to hold that the judgment of the trial court ought to be affirmed.

Appellees are guilty of a violation of rule 12 of this court, in that, in place of making a concise statement of the substance of the evidence bearing upon the points presented and referring with particularity by question and page to the evidence in the record supporting the contention made, they have filled 90 pages of the brief with verbatim copy of evidence, and this is printed in such form as to make it more difficult and laborious to read than it is to read from the original bill. Because of this violation of the rule, no fee will be taxed against appellants for the printing of the 90 pages mentioned.

AFFIRMED.

SEDGWICK and CORNISH, JJ., not sitting.